O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENDEAH SHAREE CLEMMONS,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>**Acting Commissioner of Social Security,**<br><br>    Defendant. | NO. CV 13-03878-MAN<br><br>MEMORANDUM OPINION<br>AND ORDER |

Plaintiff filed a Complaint on June 5, 2013, seeking review of the denial of plaintiff's application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). On July 12, 2013, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation on March 3, 2014, in which: plaintiff seeks an order reversing the Commissioner's decision and remanding this case for the payment of benefits or, alternatively, for further administrative proceedings; and the Commissioner requests that her decision be affirmed or, alternatively, remanded for further administrative proceedings. The Court has taken the parties' Joint Stipulation under submission without oral argument.

///

///

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

Plaintiff filed an application for a period of disability, DIB, and SSI on Mary 27, 2011. (Administrative Record ("A.R.") 21.) Plaintiff, who was born on March 19, 1970 (A.R. 29),[1] claims to have been disabled since June 1, 2010, due to: pain in her feet, chest, back, and stomach; fibroid tumors; anemia; low white and red blood cell counts; carpal tunnel syndrome in her right wrist and hand; dizziness and lightheadedness; and severe migraines (A.R. 78, 100). Plaintiff has past relevant work experience as a home attendant, nursery school attendant, teacher's aide, and food sales worker. (A.R. 29.)

After the Commissioner denied plaintiff's claim initially, plaintiff requested a hearing. (A.R. 21.) On May 1, 2012, plaintiff, who was not represented by counsel, appeared and testified at a hearing before Administrative Law Judge Lisa D. Thompson (the "ALJ"). (*Id.*) Vocational expert Gail L. Maron and plaintiff's sister Tanisha Sykes also testified. (*Id.*) On May 4, 2012, the ALJ denied plaintiff's claim (A.R. 21-31), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-7). That decision is now at issue in this action.

## SUMMARY OF ADMINISTRATIVE DECISION

In her May 4, 2012 decision, the ALJ found that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015, and plaintiff has not engaged in substantial gainful activity since June 1, 2010, the alleged onset date of her disability. (A.R. 23) The ALJ determined that plaintiff has the severe impairments of: right carpal tunnel syndrome with residual pain; lumbago; and a history of anemia secondary to fibroid tumors, status post hysterectomy. (*Id.*) The ALJ also found that plaintiff's other alleged impairments,

---

[1] On the alleged disability onset date, plaintiff was 40 years old, which is defined as a younger individual. (*See* 20 C.F.R. §§ 404.1563, 416.963.)

"including bilateral foot pain, chest pain, stomach pain, migraine headaches, dizziness, and light-headedness," are "not medically determinable impairments."[2] (A.R. 24-25.) After considering plaintiff's impairments, the ALJ concluded that plaintiff does not have an impairment or combination of impairments that meets or medically equals the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). (A.R. 25.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform:

> light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b), in that she can: lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for six hours in an eight-hour workday[;] sit for six hours in an eight-hour workday; occasionally kneel, crouch, and stoop; never climb ladders, ropes, or scaffolds; and occasionally handle/finger with the dominant right upper extremity.

(A.R. 26.) In making this finding, the ALJ considered the subjective symptom testimony of plaintiff, which the ALJ found was not entirely credible, as well as the medical evidence and opinions of record.

///
///
///
///

---

[2] The ALJ also noted plaintiff's testimony at the administrative hearing that she occasionally feels depressed. (A.R. 25.) However, "based on the paucity of evidence related to [plaintiff]'s mental health, the [ALJ] f[ound plaintiff] ha[d] not established the existence of any medically determinable mental impairment(s)." (Id.)

Based on plaintiff's age, education,[3] work experience, and RFC, as well as the testimony of the vocational expert, the ALJ determined that plaintiff could not return to her past relevant work, but plaintiff could perform "jobs that exist in significant numbers in the national economy," including the jobs of children's attendant and furniture rental clerk. (A.R. 29-30.) Accordingly, the ALJ concluded that plaintiff "has not been under a disability, as defined in the Social Security Act, from June 1 2010, through the date of [the ALJ's] decision." (A.R. 31.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

---

[3] The ALJ determined that plaintiff "has at least a high school education and is able to communicate in English." (A.R. 30.)

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

## DISCUSSION

Plaintiff claims that the ALJ committed reversible error, because she failed to give clear and convincing reasons, as required, for rejecting plaintiff's subjective symptom testimony. (Joint Stipulation ("Joint Stip.") at 4-8, 10-11.)

### I.  The ALJ Failed To Provide The Requisite Clear And Convincing Reasons For Rejecting Plaintiff's Subjective Symptom Testimony.

Once a disability claimant produces objective medical evidence of an underlying impairment that is reasonably likely to be the source of claimant's subjective symptom(s), all subjective testimony as to the severity of the claimant's symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991); *see also* 20 C.F.R. §§ 404.1629(a), 416.929(a) (explaining how pain and other symptoms are evaluated). "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins, 466 F.3d at 883. The factors to be considered in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2)

inconsistencies either in the claimant's testimony or between the claimant's testimony and her conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *See* Thomas, 278 F.3d at 958-59; *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c).

The ALJ cited no evidence of malingering by plaintiff, but concluded, "[a]fter careful consideration of the evidence, while [plaintiff] has established a foundation for her basic symptoms, the cumulative medical and lay evidence shows she can work at the modified range of light work identified in [her RFC] assessment." (A.R. 27.) Given the absence of malingering, the ALJ's reasons for finding that plaintiff is not credible with respect to her subjective symptom testimony must be "clear and convincing."

The ALJ first rejected plaintiff's subjective symptom testimony based on her conclusion that the objective medical evidence does not support plaintiff's allegations of disabling symptoms. (A.R. 27.) Assuming *arguendo* that the objective medical evidence did not corroborate the degree of plaintiff's allegedly disabling symptoms, this factor cannot form the "sole basis" for discounting plaintiff's subjective symptom testimony. Burch, 400 F.3d at 681; *see* Bunnell, 947 F.2d at 34 (noting that "[i]f an adjudicator could reject a claim of disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings"). Accordingly, because the ALJ's first ground cannot, by itself, constitute a clear and convincing reason for discrediting plaintiff's testimony, the ALJ's credibility determination rises or falls with the ALJ's other ground for discrediting plaintiff.

The ALJ also discredited plaintiff, because "[plaintiff]'s course of treatment . . . casts doubt on her allegations of disabling symptoms." (A.R. 28.) While evidence of conservative treatment is sufficient to discount a claimant's testimony regarding the severity of an impairment, substantial

evidence of record does not support the finding that plaintiff's treatment was conservative in nature. *See* Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007). For example, with respect to plaintiff's carpal tunnel syndrome, the ALJ noted that "[t]he record reflects that [plaintiff] continued to complain of right wrist problems despite numerous attempted pain modalities, including pain medications, a wrist brace, occupational therapy sessions, cortisone injections, and carpal tunnel release surgery." (A.R. 28.) However, the ALJ noted that, after March 2010, "[plaintiff] rarely complained of carpal tunnel syndrome-related problems to her treatment providers," and "there is little evidence of subsequent treatment for her carpal tunnel syndrome-related symptoms." (A.R. 28.) The ALJ reasoned, therefore, that "[t]his nearly two-year period of limited treatment and complaints suggests her wrist pain was not as serious as she alleged." (*Id.*) In fact, upon close examination of the record, it appears that plaintiff explored myriad treatments for her wrist pain with limited success. Further, in his March 2010 progress note, plaintiff's treating physician noted that there were *no* additional treatments he could recommend. (A.R. 316.) He also noted that "sometimes this type of pain can take several months from which to improve after the surgery," and he "believe[d] that additional use of naproxen [wa]s reasonable." (*Id.*) Accordingly, rather than detracting from her credibility, plaintiff's exploration and ultimate exhaustion of recommended treatments bolster her allegations of serious wrist pain.

The ALJ's other examples of allegedly conservative treatment are also unpersuasive. With respect to her back pain, the ALJ found that plaintiff's complaints of back pain were undermined by the fact that "her treatment providers did not recommend physical therapy, epidural injections or surgery." (A.R. 28.) As an initial matter, some of the treatment notes from plaintiff's treating physicians are very difficult to read, and thus, it is unclear what treatments, if any, were recommended. (*See, e.g.,* A.R. 336-37.) Further, while it does not appear that plaintiff's treating physicians recommended the above-noted treatments, it appears that plaintiff was prescribed significant pain medication, including, *inter alia,* Gabapentin, Naproxen, Tramadol, and Vicodin to treat her pain. (*See, e.g.*, A.R. 47.) In addition, plaintiff uses a cane to ambulate when she experiences back pain. (A.R. 46-47.) With respect to plaintiff's anemia, the ALJ notes that

plaintiff was prescribed medication and referred on multiple occasions to several specialists, including a hematologist, gynecologist, and gastroneurologist for anemia-related problems multiple times, but states that "it is not clear she pursued that treatment." (A.R. 28.) The fact that it is "not clear" to the ALJ whether plaintiff pursued treatment with specialists does not constitute a clear and convincing reason for discrediting plaintiff. To the extent the record was unclear, the ALJ should have developed the record further. Accordingly, the ALJ's second reason for finding plaintiff to be not entirely credible is not clear and convincing, as required.

Lastly, it appears that the ALJ may have found plaintiff to be not entirely credible, because "[n]one of [plaintiff]'s treating or examining physicians observed her using an assistive device to help with ambulation, in contrast to her testimony of daily use of a cane." (A.R. 28.) The ALJ misstates plaintiff's testimony. Contrary to the ALJ's contention, plaintiff testified that she does not always use her cane to ambulate. Specifically, plaintiff testified, with respect to the use of her cane, that it "[d]epends on [the] day. . . . I have my good days and my bad days." (A.R. 47.) Plaintiff's testimony thus is not necessarily inconsistent with her physicians' observations.

Accordingly, for the aforementioned reasons, the ALJ's reasons for discrediting plaintiff are not clear and convincing.[4]

II. **Remand Is Required**.

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or

---

[4] While the Commissioner now offers other reasons to explain the ALJ's credibility determination, the Court cannot entertain these post hoc rationalizations. *See, e.g.*, Connett, 340 F.3d at 874 (finding that "[i]t was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1179-81.

Remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See* Bunnell, 336 F.3d at 1116 (affirming remand order based, in part, on ALJ's failure to provide adequate reasons for rejecting claimant's treating physicians' opinions). On remand, the ALJ must correct the above-mentioned deficiencies and errors.

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: June 11, 2014

*Margaret A. Nagle*
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE